UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FISHMAN,<br><br>    Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR,<br>Attorney General,<br><br>    Respondent. | Case No. 2:19-cv-7202-MWF-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the "Petition for Writ of Habeas Corpus by a Person Detained in Federal Custody Pursuant to: 28 U.S.C. § 2241 and Report of Criminal Misconduct Pursuant to: 18 U.S.C. § 4" ("Petition" or "Petition/Section 2255 Motion"), and all of the records herein, including the April 30, 2020 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation filed on May 15, 2020 ("Objections"). The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

Petitioner asserts, *inter alia*, that he should be permitted to contest the legality of respondent's authority to investigate, indict and prosecute petitioner (leading to his conviction or sentence) because his remedy under 28 U.S.C. § 2255 ("Section 2255") is inadequate or ineffective to test the legality of his detention. Petitioner alleges that respondent was without power to investigate, indict and prosecute petitioner under 3 U.S.C. § 301, which authorizes the President to delegate functions. See Objections at 8-9 (arguing that his challenge is to respondent's actions that occurred long before he was brought to trial or sentenced for Section 2255 to apply); see also 3 U.S.C. § 301. No matter how petitioner attempts to couch his claims, his argument that the prosecutor lacked authority to prosecute him does not demonstrate that his remedy under Section 2255 is inadequate or ineffective. See Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963) (burden is on petitioner to show remedy is inadequate or ineffective).

Although the language of Section 2255 uses the term "sentence," Section 2255 motions are not limited strictly to sentence attacks. Rather, Section 2255 motions allow federal prisoners to collaterally attack their convictions, because "a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction." United States v. Hayman, 342 U.S. 205, 222 (1952); see also, e.g., Hill v. United States, 368 U.S. 424, 427 (1962) (Section 2255 "was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined") (citations omitted); Hayman, 342 U.S. at 219 ("Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum," namely, the sentencing court); Alaimalo v. United States, 645 F.3d 1042, 1054 (9th Cir. 2011) (dissent) ("the normal, if not exclusive, procedure for a federal prisoner

to challenge the validity of a judgment of conviction is by a motion pursuant to § 2255"); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 2000) ("Congress enacted § 2255 primarily to ease the administrative burden imposed by the jurisdictional requirement that all habeas corpus petitions be heard in the district of incarceration. . . . In enacting § 2255, however, Congress did not intend for the remedy provided to differ in scope from the traditional habeas remedy under § 2241. . . . Rather the statute was meant to 'afford[ ] the same rights in another and more convenient forum.'") (citations omitted).

A Section 2255 remedy is inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir.) (citation omitted), cert. denied, 555 U.S. 911 (2008); see also Muth v. Fondren, 676 F.3d 815, 819 (9th Cir.) (discussing same), cert. denied, 568 U.S. 894 (2012).  Petitioner's claim that the prosecutor did not have authority to prosecute him meets neither of these elements.  See Report and Recommendation at 9-10 (discussing same).

Accordingly, IT IS HEREBY ORDERED AND FOUND:  (1) the Petition is construed to be a motion arising under Section 2255 because it effectively challenges petitioner's conviction and sentence in the Northern District of Oklahoma and petitioner fails to demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the legality of his detention; (2) this Court lacks the requisite jurisdiction to entertain the Petition/Section 2255 Motion; (3) transferring the Petition/Section 2255 Motion to the Northern District of Oklahoma would be futile; (4) the Motions for Summary Judgment are denied; (5) the Petition/Section 2255 Motion and this action are dismissed without prejudice; (6) petitioner's objection to the order of the District Court in the District of Columbia transferring the Petition/Section 2255 Motion to the Central District
///

of California and motion to transfer the case back to the District of Columbia are moot and are overruled/denied; and (7) Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Judgment herein, and the concurrently issued Order Denying Certificate of Appealability on petitioner and on counsel for respondent.

IT IS SO ORDERED.

DATED: July 31, 2020

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE